UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **ORIN SAFIER, an individual, and New Mexico resident, on behalf of himself, those similarly situated, and the general public,**<br><br> **Plaintiff,**<br><br>    **v.**<br><br>**WESTERN DIGITAL CORPORATION, a foreign corporation; and DOES 1 THROUGH 20,**<br><br>**Defendants** | **CASE NO. 05-03353 BZ**<br><br>**[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Bernard Zimmerman<br>Courtroom: G, 15th Floor |

**WHEREAS**, a class action lawsuit is pending before this Court entitled *Orin Safier v. Western Digital Corporation*, Case No. 05-03353 BZ (the "Litigation"); and

**WHEREAS**, the parties have applied to the Court for an Order approving a settlement of the Litigation in accordance with a Settlement Agreement dated March 7, 2006 (the "Agreement"), which has been entered into by Plaintiff, on behalf of himself and the Settlement Class defined therein, and Defendant; and

**WHEREAS**, the Court has read and considered the Agreement and its attached exhibits, and has listened to and considered the arguments of counsel for the parties, including at a hearing held on February 15, 2006, in this matter and, good cause appearing,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.     This Order incorporates by reference the definitions set forth in the Agreement. Unless otherwise defined, all terms used herein shall have the same meaning as set forth in the Agreement.

2.     The Court preliminarily certifies the Settlement Class, for settlement purposes only,

1   consisting of:

2        All persons and entities who purchased in the United States an Aftermarket Western Digital
         Corporation hard disk drive from March 22, 2001 to February 15, 2006. Excluded from the
3        Class are Western Digital Corporation, its directors, officers, and employees; Judge Bernard
         Zimmerman and the members of his immediate family; and all persons who timely and
4        validly request exclusion from the Class in compliance with the requirements of the Class
         Notice.

5

6        3.      The Court preliminarily approves the Agreement and the settlement terms described

7   therein as being fair, just, reasonable, and adequate to the Settlement Class and meriting submission

8   to the Settlement Class for consideration. The Court finds that the proposed settlement results from

9   extensive arms-length negotiations, including mediation before the Honorable Justice Steven Stone

10  (Ret.) at JAMS, between counsel for the parties and only after counsel conducted a thorough

11  examination and review of the relevant law, facts, and allegations to assess the merits of Plaintiff's

12  claims.

13       4.      The Court preliminarily approves Plaintiff Orin Safier as class representative, and

14  preliminarily approves Plaintiff's attorneys, Gutride Safier LLP, as Settlement Class Counsel in this

15  Litigation.

16       5.      A final hearing (the "Settlement Hearing") shall be held before this Court on

                                                      3:00 p.m.
17  _ June 14 __, 2006 at 10:00 a.m., to determine: (1) whether the proposed settlement of the Litigation

18  as set forth in the Settlement Agreement is just, fair, reasonable, and adequate for the Class and

19  should be granted final approval; (2) whether certification of the Class should be made final;

20  (3) whether the Court should enter the proposed judgment dismissing the Litigation with prejudice;

21  (4) whether the Court should award Plaintiff's Counsel attorneys' fees and expenses in the amount

22  set forth in the Settlement Agreement; and (5) whether the Court should award Plaintiff $1,000 for

23  his time and effort in the Litigation. The Settlement Hearing and settlement terms may be

24  postponed, adjourned, changed or rescheduled by the Court without further notice to the Settlement

25  Class.

26       6.      The Court approves as to form and content the Notice of Class Litigation and

27  Proposed Settlement (the "Long Form Notice"), in the form of Exhibit A to this Order, the

28  Summary (Email and Mail) Notices of Class Litigation and Proposed Settlement (collectively, the

"Summary Notice"), in the form of Exhibit B to this Order, and the Advertisement Notice of Class

Litigation and Proposed Settlement ("Advertisement Notice") in the form of Exhibit C to this Order.

The Court finds that the Long Form Notice, Summary Notice and Advertisement Notice are written

in plain English and are readily understandable by Class Members.  The Court finds that the Long

Form Notice, Summary Notice, and Advertisement Notice fairly apprise the Class Members:  (1) of

the pendency of the Litigation; (2) of their right to exclude themselves from the Class and the

proposed settlement; (3) that any Judgment will bind all Class Members who do not request

exclusion; and (4) that any Class Member may object to the settlement.  The Court further finds that

the use of Summary Notice and the Advertisement Notice, which refer to the more detailed Long

Form Notice available on the internet, is reasonable and appropriate.  Cf.  Commentary to Civil

Local Rule 3-7 (in context of securities class actions) ("Notification to class members traditionally

involves a combination of mailings and newspaper advertisements that are expensive, employ small

type, convey little substantive information and that may be difficult for members of the class to

locate. The rapid growth of Internet technology provides a valuable means whereby extensive

amounts of information can be communicated at low cost to all actual or potential members of a

class, as well as to other members of the public.").

       7.     The Court finds that the method of publication for the Notices to the Settlement

Class as set forth in the Agreement is the best notice practicable under the circumstances, and shall

constitute valid, due, and sufficient notice to all Class Members in the Settlement Class, and that

such Notice complies with the Federal Rules of Civil Procedure, the Constitution of the United

States, and all other applicable laws.

       8.     The Court approves the Claim Form, in the form of Exhibit D to this Order, for

submission to the Settlement Class.

       9.     Defendant is ordered to deliver the Notices to Class Members, as set forth in the

Agreement, no later than ten (10) days following entry of this Order.  Defendant is further ordered

to provide a declaration to the Court confirming that it has done so and attaching copies of the

notices, no later than thirty (30) days before the Final Approval hearing.

       10.     Any person legally entitled to object to the approval of the proposed settlement may

appear at the Settlement Hearing and object to the proposed settlement or any part thereof. However, objections to the proposed settlement shall be heard, and any papers or briefs submitted in support of said objections shall be considered by the Court (unless the Court in its discretion shall otherwise direct), only if, on or before May 24, 2006, said objectors have personally delivered their written objections and all papers and briefs they propose to discuss at the Settlement hearing to Plaintiff's Counsel and Defendant's Counsel (or sent such written objections, papers, and briefs to Plaintiff's Counsel and Defendant's Counsel via U.S. first-class mail, postage prepaid, on or before May 19, 2006) at the following addresses:

| | |
|---|---|
| GUTRIDE SAFIER LLP | IRELL & MANELLA LLP |
| Adam Gutride, Esq. | Scott D. Baskin, P.C. |
| Seth A. Safier, Esq. | Lisa M. Sharrock |
| 835 Douglass Street | 840 Newport Center Drive, Suite 400 |
| San Francisco, CA 94114 | Newport Beach, CA 92660-6324 |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

11.     All requests for exclusion from the Settlement Class must be post-marked no later than May 19, 2006.

12.     No later than seven (7) calendar days before the Final Approval hearing, counsel for the parties shall file a joint status report on the number of opt-outs.  The joint status report shall attach copies of all timely-submitted opt-out requests and objections.  The parties' counsel shall also file any supplemental briefs in support of the settlement by that date.

13.     To the extent permitted by law, pending final determination of whether the settlement contained in the Agreement should be approved, neither Plaintiff nor any other member of the Settlement Class either directly, indirectly, representatively, or in any other capacity shall commence or prosecute, or cause to be commenced or prosecuted, any Litigation or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, or any of them, unless such member of the Settlement Class has sought and received leave from this Court on such terms as are just, including, without limitation, being required to file a request for exclusion from the Settlement Class.

14.     The Agreement and Settlement are not to be deemed admissions of liability or fault

1  by Defendants, or a finding of the validity of any claims in the Litigation. The Agreement and

2  Settlement are not a concession by the parties. Neither the Agreement, nor any of its terms or

3  provisions, nor any of the negotiations or proceedings connected with it, shall be offered as

4  evidence or received in evidence in any pending or future civil, criminal, or administrative

5  Litigation or proceeding, except in a proceeding to enforce the Agreement or Final Judgment, or to

6  defend against the assertion of the Released Claims, or as otherwise required by law.

7       15.    This Order shall become null and void, and shall be without prejudice to the rights of

8  the parties, all of whom shall be restored to their respective positions existing as of September 27,

9  2005, if, for any reason, the Agreement is terminated or the Effective Date does not occur. In such

10  event, as set forth in the Agreement, the Litigation shall proceed as though the Settlement Class had

11  never been certified and the Agreement never had been executed and the Defendant will not be

12  deemed to have consented to certification of any class and will retain all rights to fully object to or

13  oppose any motion for class certification.

14  **IT IS SO ORDERED.**

15

16  Dated: _ Mar. 17, 2006



Honorable                  an

Judge Bernard Zimmerman

17

18

19

20

21

22

23

24

25

26

27

28

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

# EXHIBIT A

### NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT ("NOTICE")

TO:    ALL PERSONS AND ENTITIES WHO PURCHASED IN THE UNITED STATES AN AFTERMARKET WESTERN DIGITAL CORPORATION HARD DISK DRIVE FROM MARCH 22, 2001 TO FEBRUARY 15, 2006.

**THIS NOTICE MAY AFFECT YOUR RIGHTS.  PLEASE READ THE COMPLETE NOTICE CAREFULLY.**

## I.    Purpose of this Notice.

There is now pending in the District Court for the Northern District of California a class action lawsuit entitled <u>Orin Safier v. Western Digital Corporation</u>, Case No. 05-03353 BZ (the "Litigation"). This Notice explains the nature of the Litigation and the general terms of a proposed settlement, and informs you of your legal rights and obligations.  Unless otherwise set forth, this Notice incorporates by reference the definitions set forth in the Class Action Settlement Agreement.

Safier ("Plaintiff") filed a class action lawsuit against Western Digital Corporation ("Defendant" or "WDC") on behalf of the Class described above.  Plaintiff alleges that in the sale and marketing of its hard disk drives, Defendant overstates the useable storage capacity by approximately 7%.  According to Plaintiff, when attached to most personal computers, a hard disk drive advertised by Defendant as having "80GB" will only show an available capacity of "74.4GB."  Plaintiff alleges that one reason for this disparity is the use of two different measurements of a "GB."  Plaintiff alleges that computer operating systems compute 1 GB as 1,073,741,824 bytes (the "Binary Definition"), but Defendant and other hard disk drive manufacturers compute 1 GB as 1,000,000,000 bytes (the "Decimal Definition").  Plaintiff alleges that Defendant's conduct constituted false advertising, unfair business practices, breach of contract, fraud, and violations of the California Consumers Legal Remedies Act.  In the Litigation, Plaintiff would seek to recover on behalf of the Class one or more of the following remedies:  (a) the right to return their hard disk drives for a full refund; (b) the right to keep their hard disk drives and receive a partial refund of the amount they paid proportional to the amount of capacity that was not provided; (c) statutory damages for each act of false advertising knowingly directed at a senior citizen; and (d) punitive damages.  Class Counsel also seek an injunction requiring Defendant to more accurately disclose the storage capacity of its hard disk drives in advertising, marketing materials, and packaging.

Class Counsel and the Class Representative have concluded, after due investigation and after carefully considering the relevant circumstances and the applicable law, that it would be in the best interests of the Class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein are obtained for the Class.  Class Counsel believe that the most likely recovery for the class, if any, would be a refund of a portion of the purchase price paid for the hard disk drive, although the percentage refunded could be lower than the percentage of storage capacity that was not provided.  Class Counsel are informed that more than five million of Defendant's hard disk drives were sold in the aftermarket during the period covered by this settlement.  Class Counsel estimate that the average purchase price of Defendant's hard disk drives during the period at issue in this Litigation was $150.  If the Court required Defendant to refund 5% of the purchase price of each hard disk drive purchased, Class Counsel believe that the average refund would be $7.50.  Class Counsel and the Class Representative understand, however, that there are numerous risks in continuing with this litigation, including the possibility of being unable to achieve the following:  (1) certify a class of purchasers, (2) demonstrate that Defendant's undisclosed use of the Decimal Definition was misleading to reasonable consumers or otherwise constituted an unfair trade practice, (3) prove damages on behalf of the Class and each Class Member, (4) demonstrate knowing false advertising directed at a senior citizens, and (5) show that injunctive relief should be awarded.  After due investigation and evaluation, Class Counsel and the

Class Representative consider the settlement set forth herein to be fair, reasonable, adequate, and in the best interests of the Class.

Because it is not technologically possible, the proposed Settlement does not call for capacity to be added to Class Member's hard disk drives.  But the proposed settlement will provide each Class Member with free backup and recovery software that can be used in conjunction with his/her hard disk drive.  Based on Class Counsel's investigation of the retail market for backup and recovery software, Class Counsel believes that this software is comparable to products that retail for $30 or more, and that in light of the risks of litigation, providing this software adequately compensates class members for the loss that Class Counsel believe they suffered in allegedly not getting the capacity promised in Defendant's advertisements.

Defendant denies Plaintiff's allegations, any wrongdoing, and any liability whatsoever and believes it has many legal defenses to all of the claims asserted by Plaintiff.  Defendant believes that its marketing and advertising complied and continues to comply in all respects with the law and that no Class Member, including the Plaintiff, has sustained any damages or injuries related to its actions or omissions.  Nonetheless, Defendant has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions of the proposed settlement.

Judge Bernard Zimmerman of the District Court for the Northern District of California (also referred to as the "Court") has preliminarily determined that this Litigation should proceed as a class action, for purposes of settlement only, with Safier ("Plaintiff") as the representative of the Class, and has granted preliminary approval of the proposed settlement.

## II.    Class Members.

The Court has conditionally ruled that the Litigation may be maintained on behalf of the following:

ALL PERSONS AND ENTITIES WHO PURCHASED IN THE UNITED STATES AN AFTERMARKET WESTERN DIGITAL CORPORATION HARD DISK DRIVE FROM MARCH 22, 2001 TO FEBRUARY 15, 2006.

Excluded from being Class Members are Western Digital Corporation, its directors, officers, and employees; Judge Zimmerman and the members of his immediate family; and all persons who timely and validly request exclusion from the Class.

"Aftermarket" means that the disk drive was not purchased as part of a computer assembled by an OEM but rather was purchased separately.  Non-excluded persons and entities that fall within the above definition are referred to as "Class Members."

## III.    Settlement Benefit For Class Members.

A.    If the settlement is finally approved by the Court, WDC will include language substantially similar to the following on its website and, as soon as its current packaging supply is depleted, but no later than six (6) months following the Effective Date, on its product packaging:

"1 gigabyte (GB) = 1 billion bytes.  Total accessible capacity varies depending on operating environment."

B.     If the proposed settlement is finally approved by the Court, WDC will provide to Class Members the following "Class Benefit:"

> For ninety (90) days following the Effective Date, all Class Members who successfully complete a Claim Form prior to the expiration of the Claim Form Period shall be entitled to download, from the Website, software with substantially all of the following capabilities and features: data back up; data recovery; a user interface to guide users through each step of the backup and recovery process; ability to execute operations in the background and create full backups without impacting users, applications, or the network; capability to schedule backup scripts and jobs as needed; built-in file filters that allow users to choose which files they want to include or exclude in the back-up; copy files in native file format; restore files/folders from a backup; ability to backup entire system into a backup set, which can be appended at a later date; capability of creating a single or multiple file backup set which the user can compress or encrypt for added security; progressive backup method which only copies new or modified files and allows user to restore their machine to any point in time with a single pass; choice of full, incremental, and mirror backups; ability to duplicate data, including all necessary system files to a secondary hard disk drive's root level to make a bootable disk; fully scriptable on Windows and Macintosh so that a user can create scripts that force certain applications to close when the backup runs and re-open when completed; if unable to backup an individual file, intelligence to retry that file on the next operation until properly backed up; built-in schedulers that allow users to create automated back-up, duplicate, and restore scripts to meet their needs; detailed log reporting; option of backing up to a disk; protection to ensure that backups do not exceed disk capacity; notification to users regarding successful backups, failed backups, and other relevant information; built-in software compression; encryption algorithm; password protection; data grooming options for disk backup sets; restore option to replace existing files on hard drives only if the backed up files are newer; restore option to restore only files which exist in the backup but have been deleted from the hard drives; duplicate option to replace existing files on hard drives only if the copy on the source disk is newer; selectors for Documents and Settings, Office Documents, Music, Movies, Pictures, Operating System, and Applications; DVD+R DL (double layer) drives and media support; taskbar Icon and hot key backup; catalog files automatically repaired when they become out of sync; supports the following Windows operation systems:  Windows 98SE, ME, 2000, XP Pro and Home, NT 4, and Win XP 64-bit OS;  supports the following Macintosh operation systems:  Mac OS 10.1.5 and later; localized in the following languages:  English, French, German, and Japanese; supports local, external, removable, and network hard disk regardless of interface; capable of being saved and re-used by Class Members.

## IV.     Claims Process and Deadline.

A.     Claims Process.  Only one Class Benefit is available for each Class Member.   In order to receive the Class Benefit, Class Members must complete the Claim Form available at http://www.wdc.com/settlement by (1) providing their name and postal or e-mail address; (2) providing the estimated date of purchase of a WDC hard disk drive; (3) providing the serial number for the WDC hard disk drive they purchased or a copy of their receipt or other proof of purchase; and (4) attesting, under penalty of perjury, that their WDC hard disk drive was not purchased from an OEM, that they have registered for only one Class Benefit, and that the information provided is correct.  Such information is to be used only for purposes of administering this Settlement.  Excluded Class Members are not eligible to receive the Class Benefit.  Class Members may submit the Claim Form electronically on the Settlement Website or print the Claim Form and submit it by U.S. mail to: WDC Settlement Claim Form; 5654

3

Geary Blvd., #210511; San Francisco, CA 94121, according to the instructions on the Claim Form.

      B.     Claims Deadline.  Class Members must complete the Claim Form no later than thirty (30) days after Final Approval of the Settlement.  Class Members who do not complete the Claim Form by that date will not be eligible to receive the Class Benefit.

**V.     Dismissal of Litigation, Entry of Judgment and Release of Claims.**

      If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation on the merits and with prejudice as to all Class Members.  All Class Members who do not validly and timely request to be excluded from the proposed settlement shall be forever barred from prosecuting their own lawsuits against Defendant for claims that were made or that were required to be made in this Litigation.  In particular, all Class Members who do not opt-out of the Litigation shall be deemed to have released Defendant and each of its past or present officers, directors, agents, designees, servants, sureties, attorneys, employees, parents, associates, controlling or principal shareholders, general or limited partners or partnerships, subsidiaries, divisions, affiliates, insurers, heirs, and all successors or predecessors in interest, assigns, or legal representatives from any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, restitution, disgorgement, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis or on behalf of the general public, whether known or unknown, suspected or unsuspected, threatened, asserted, or unasserted, actual or contingent, liquidated or unliquidated, whether under federal statutory law, federal common law, federal regulation, or the statutory or common laws or regulations of any and all states or subdivisions, to which res judicata would apply if the Litigation had been litigated to a complete and full judgment.  Class Members who wish to exclude themselves from the Settlement (opt-out) must follow the procedures set forth in Section VII(B) of this Notice.

**VI.     Attorneys' Fees and Costs.**

      From the inception of this Litigation, Plaintiff's Counsel have not received payment for their services, nor have they been reimbursed for any out-of-pocket expenses.  Class Counsel believes that at least one million persons and entities are eligible to obtain the class benefit set forth herein, and estimate that the class benefit has a value of at least $30.00.  If the Court approves the proposed settlement, Plaintiff's Counsel will ask the Court to award, and Defendant has agreed to pay, and will not contest the reasonableness of, an award of attorneys' fees of up to $485,000 and expenses up to $15,000.  At Plaintiff's request, Defendant will also submit a statement to the Court in which this matter is pending stating that it does not oppose a request for fees and expenses of up to the agreed amounts.  Additionally, Plaintiff's Counsel will ask the Court to award, and Defendant has agreed to pay, and will not contest the reasonableness of, a $1,000.00 incentive award to the Class Representative for his time and effort related to the Litigation and risks undertaken in prosecuting it.  Finally, WDC has agreed to administer the settlement including the class notice, claim form, and provision of the Class Benefit, and has agreed to bear its own costs associated therewith, except that Class Counsel has agreed to collect any opt-out requests and any Claim Forms submitted by mail, and shall bear their own costs associated therewith.

      Any award of attorneys' fees and costs and any payment to the Plaintiff will be paid separately from, and will not reduce, the Class Benefit provided under the settlement.  Class Members will not be personally liable for any of Defendant's or Class Counsel's attorneys' fees, expenses, or payment except in connection with any objection to the settlement pursuant to section VIII(B) of this Agreement.

VII.     **Rights and Options of Class Members.**

      A.     **Remain a Class Member**.

      1.  If you do not request exclusion from the Class, you will remain a Class Member. Your interests in connection with the proposed settlement will be represented by Plaintiff and Plaintiff's Counsel.  You, however, will not be charged for the services or expenses of Plaintiff's Counsel.

  Plaintiff's Counsel in the Litigation is:

  GUTRIDE SAFIER LLP
  Adam Gutride
  Seth A. Safier
  835 Douglass Street
  San Francisco, California 94114
  www.gutridesafier.com

WDC is represented in the Litigation by:

  IRELL & MANELLA LLP
  Scott D. Baskin, P.C.
  Lisa M. Sharrock
  840 Newport Center Drive, Suite 400
  Newport Beach, CA 92660-6324

      2.     If the proposed settlement is approved by the Court and the judgment becomes final, you will be entitled to the Class Benefit described in Section III, above, if you submit the Claim Form no later than thirty (30) days after Final Approval.  If the proposed settlement is not granted final approval or the judgment does not become final, the certification of the Class will be vacated and the Litigation will continue as if no proposed settlement had been reached.

      3.     As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of the Class Benefit.  Furthermore, you and your heirs, executors, administrators, representatives, agents, partners, successors, and assigns will be deemed to have agreed to the terms of the Settlement and the release set forth in Section V, above.

      **B.     Opt-Out of the Settlement**.  You have the right to opt-out of the Settlement.  If you opt-out of the Settlement, you will not be bound by or subject to any judgment or Settlement of the Litigation. If you opt-out, however, you will also not be entitled to receive the Class Benefit.  If you wish to opt-out, you must submit a written, signed request to opt-out, by postage-paid, first class mail, stating (1) your name, address, and telephone number, (2) a reference to this Litigation (i.e., <u>Safier v. Western Digital Corporation</u>, Case No. BZ 05-03353), (3) the serial number of the WDC hard disk drive you purchased, (4) the approximate date when you purchased a WDC hard disk drive, and (5) your desire to opt-out of the Class.  Requests to opt-out must be sent to WDC Opt-Out, 5654 Geary Blvd., #210511, San Francisco, CA 94121 and post-marked no later than May 19, 2006.  If you do not submit a timely opt-out request that complies with these requirements, your opt-out request will be deemed invalid and you will not be excluded from the Class.

      **C.     Intervene In The Litigation And/Or Object to the Settlement**.  You have the right to intervene in the Litigation and object to, or comment on, the proposed settlement, award of attorneys' fees and expenses, or payment to the Plaintiff as set forth in Section VIII, below.

**VIII.    Final Settlement Hearing and Settlement Objections.**

A.    On _____, 2006 at 10:00 am, a public hearing will be held before Judge Bernard Zimmerman of the District Court for the Northern District of California, located at 450 Golden Gate Ave, San Francisco, CA.  The hearing will determine: (1) whether the proposed settlement of the Litigation as set forth in the Class Action Settlement Agreement is just, fair, reasonable, and adequate for the Class and should be granted final approval; (2) whether certification of the Class should be made final; (3) whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; (4) whether the Court should award Plaintiff's Counsel attorneys' fees and expenses in the amount set forth in the Class Action Settlement Agreement; and (5) whether the Court should award Plaintiff $1,000 for his time and effort in the Litigation.  You are not required to attend the Settlement Hearing.

B.    Procedure for Objection, Intervention, and Appearance at Final Approval Hearing and Deadlines.

1.    If you are a Class Member, you have the right to object to the settlement.  To do so, you must submit a written statement setting forth:  (1) your name, address, and telephone number, (2) the name of this Litigation (i.e., <u>Safier v. Western Digital Corporation</u>, Case No. 05-03353 BZ), (3) the approximate date when you purchased a WDC hard disk drive, (4) the serial number for the WDC hard disk drive you purchased, and (5) your objection and supporting arguments to Plaintiff's Counsel and WDC's Counsel at the addresses set forth in Section VII(A)(1) above.  Your written objection must be personally delivered by May 24, 2006 (or sent via U.S. first-class mail, postage prepaid, on or before May 19, 2006). You cannot object if you have opted out of the Class.  Only those that remain in the Class may object to the Settlement.

2.    Any motion for intervention in the litigation must comply with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California and be filed with the Clerk of the Court, District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, no later than May 24, 2006.  No one who has opted-out of the Class may move to intervene. A motion for intervention must include a certification that you have personally delivered identical copies to Plaintiff's Counsel and WDC's Counsel on or before May 24, 2006 (or that you sent those copies to Plaintiff's Counsel and WDC's Counsel by U.S. first class mail, postage prepaid, on or before May 19, 2006).

3.    You may also attend the Final Settlement Hearing either in person or through an attorney retained by you at your own expense.  You may ask to be heard by Judge Zimmerman at the Final Settlement Hearing.  In order to be heard, however, you must have submitted a written objection or request to intervene in compliance with Section (VIII)(B)(1), above **and** include in your comments a statement that you intend to appear and wish to be heard at the Final Settlement Hearing.

**IX.    Additional Information and Important Dates.**

**A.  Additional Information**.  The description of the Litigation set forth in this Notice is general and does not cover all of the issues and proceedings thus far.  If you have additional questions you can contact Plaintiff's Counsel (in writing) or see the complete file including the individual terms of the Settlement in the Litigation by visiting the Clerk of the Court, District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, California. The Clerk will make the file relating to this Litigation available to you for inspection and copying at your own expense.  You also can review the court file electronically at https://ecf.cand.uscourts.gov/cand/index.html.  In order to do so, you must log in using a password (which can be obtained at http://pacer.psc.uscourts.gov) and pay a usage fee.  In addition, the Settlement Agreement, Claim Form, Class Action Complaint, Plaintiff's motion for

preliminary approval, and Defendant's brief in support of preliminary approval may be obtained on the Settlement Website, located at http://www.wdc.com/settlement.

**B. Deadlines and Dates to Remember.**

- **May 19, 2006 is the deadline to Opt-Out of the settlement.**

- **May 24, 2006 is the deadline to Intervene/Object.**

- **_____, 2006 is the Final Hearing Date.**

- **Thirty Days after Final Approval is the deadline to complete the Claim Form to receive the Class Benefit.**

Dated: _____, 2006                    Honorable Judge Bernard Zimmerman

# EXHIBIT B

From:  **Western Digital Corporation**

To:  **[Addressee Email Address]**

Subject:   **Notice Of Class Action Settlement**

You are receiving this notice because our records indicate that you purchased an aftermarket Western Digital Corporation ("WD") hard disk drive between March 22, 2001 and February 15, 2006. "Aftermarket" purchasers are those who purchased their hard disk drives separately rather than pre-installed by an original equipment manufacturer into a computer.

A proposed class action settlement may affect your legal rights.  If the settlement is approved, you may be eligible to receive free hard disk drive backup and recovery software from WD.  Read below for a summary of the proposed settlement.  For a detailed legal notice and complete terms, please visit www.wdc.com/settlement.

A class action lawsuit entitled Safier v. Western Digital Corporation is pending in the U.S. District Court for the Northern District of California.  The lawsuit claims that in the sale and marketing of its hard disk drives, Western Digital overstates the useable storage capacity.  According to the lawsuit, when attached to most personal computers, a hard disk drive advertised as having "80GB" will only show an available capacity of "74.4GB".  The lawsuit alleges that one reason for this disparity is the existence of two different measurements of a "GB," one of which is used by computer operating systems and another of which is used by hard disk drive manufacturers.  The lawsuit seeks restitution, damages, punitive damages, and injunctive relief.  The lawsuit is case number 05-03353 BZ.

WD has denied any wrongdoing or liability.  WD believes that its marketing and advertising complied and continues to comply in all respects with the law.  WD further believes that no Class Member, including the Plaintiff, has sustained any damages or injuries.  Nonetheless, WD has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions of the proposed settlement.

If the Court approves the settlement, WD will change how it markets and advertises the available storage capacity of its hard disk drives.  WD also will provide eligible Class Members with free backup and recovery software to use with their hard disk drives.  WD will be released from any further related claims by Class Members.  Plaintiff's Counsel will ask the Court to award, and WD agrees to pay, an award of attorneys' fees of up to $485,000 and expenses of up to $15,000.  Class Members will not be required to pay these attorneys' fees or costs.

You have four options about how to respond to the proposed settlement.  Before making a decision, you should read the full explanation of the proposed settlement and release of claims at www.wdc.com/settlement.  You have only a limited time to make your decision:

Option 1.   **Sign Up To Receive Free Software As Part Of The Settlement.**
To get the software, you must fill out the Claim Form available at http://www.wdc.com/settlement no later than thirty days after Final Approval of the settlement.  If you sign up for the free software, you give up your right to bring a separate lawsuit against Western Digital.

Option 2.   **Exclude Yourself From the Class**
To preserve your right to bring a separate lawsuit, you must exclude yourself

1

from the class.  To do so, you must mail a letter by May 19, 2006, according to the instructions available at www.wdc.com/settlement.  By excluding yourself, you won't get the free software.

**Option 3.**   **Make An Objection To The Settlement**
To object to the settlement, you must serve legal papers on counsel for the parties by May 24, 2006, according to the instructions available at www.wdc.com/settlement.

**Option 4.**   **Do Nothing**
If you do nothing, you won't get the free software.  You also give up your right to bring a separate lawsuit against Western Digital.

**To get more information about the settlement or about options 1-3, please visit http://www.wdc.com/settlement.**

From:  Western Digital Corporation

To:  [Addressee Email Address]

Subject:   Notice Of Class Action Settlement

On _____, 2006, the U.S. District Court for the Northern District of California granted Final Approval of a class action settlement that may affect you.  You may recall receiving a notice of this settlement several months ago.

The settlement applies to all persons and entities who purchased an aftermarket Western Digital Corporation ("WD") hard disk drive between March 22, 2001 and February 15, 2006.  "Aftermarket" purchasers are those who purchased their hard disk drives separately rather than pre-installed by an original equipment manufacturer into a computer.  Such purchasers are eligible to receive free hard disk drive backup and recovery software from WD.

To get the software, you must fill out and submit the Claim Form available at http://www.wdc.com/settlement no later than _____, 2006.

**If you filled out the Claim Form when you received the prior notice, you do NOT need to take further action at this time**.  You will receive instructions about how to download the software when the settlement becomes effective.

**If you have not already filled out the Claim Form, please visit http://www.wdc.com/settlement as soon as possible**.

1

TO:  **ALL PERSONS AND ENTITIES WHO PURCHASED IN THE UNITED STATES AN AFTERMARKET WESTERN DIGITAL CORPORATION HARD DISK DRIVE FROM MARCH 22, 2001 TO FEBRUARY 15, 2006.**

**READ THIS NOTICE CAREFULLY BECAUSE IT MAY AFFECT YOUR RIGHTS.**

**THIS NOTICE IS A SUMMARY OF TERMS OF A CLASS ACTION SETTLEMENT.   A MORE DETAILED EXPLANATION IS AVAILABLE AT WWW.WDC.COM/SETTLEMENT**

There is now pending in the District Court for the Northern District of California a class action lawsuit entitled Orin Safier v. Western Digital Corporation, Case No. 05-03353 BZ (the "Litigation").  The parties have now reached a proposed settlement agreement ("Agreement") which, if approved by the Court, may affect the rights of members of the Class described above.

### THE CLAIMS AND DEFENSES

Plaintiff's suit alleges that Defendant's hard disk drives deliver less storage capacity than advertised. According to Plaintiff, when attached to most personal computers, a hard disk drive advertised by Defendant as having "80GB" will only show an available capacity of "74.4GB."  Plaintiff alleges that one reason for this disparity is the existence of two different measurements of a "GB," one of which is used by computer operating systems and another of which is used by hard disk drive manufacturers. Plaintiff seeks restitution, damages, punitive damages, and injunctive relief.  Class Counsel believes, however, that there are risks to going forward with the Litigation, including the risks of not being able to certify the case as a class action, or of certifying a class but failing to prove liability or damages.

Defendant denies Plaintiff's allegations, any wrongdoing, and any liability whatsoever.  Defendant believes that its marketing and advertising complied and continues to comply in all respects with the law and that no Class Member, including the Plaintiff, has sustained any damages or injuries.  Nonetheless, Defendant has concluded that further conduct of the Litigation would be protracted and expensive and desires that the Litigation be fully and finally settled in the manner and upon the terms and conditions of the proposed settlement.

### THE PROPOSED SETTLEMENT

The Class is defined in the "To" line at the top of this notice.  "Aftermarket" purchasers are those who purchased their hard disk drives separately rather than pre-installed by an original equipment manufacturer into a computer.

Defendant has agreed to include language on its website and product packaging substantially similar to the following:

> "1 gigabyte (GB) = 1 billion bytes.  Total accessible capacity varies depending on operating environment."

Defendant has also agreed to provide members of the Class with free hard disk drive backup and recovery software ("Class Benefit").

As part of the settlement, Western Digital will be released from any further related claims by Class Members.  A fuller description of the release of claims is available at www.wdc.com/settlement.

Plaintiff and Class Counsel have investigated and evaluated the claims asserted in the Litigation and have determined that the proposed settlement is fair, reasonable and adequate.

Because it is not technologically possible, the proposed Settlement does not call for capacity to be added to Class Member's hard disk drives. But the proposed settlement will provide each Class Member with free backup and recovery software to be used in conjunction with his/her hard disk drive. Based on Class Counsel's investigation, and in light of the risks of litigation, Class Counsel believes that providing this software adequately compensates class members for loss suffered in not getting the capacity promised in Defendant's advertisements.

## ATTORNEYS' FEES AND COSTS

Since the inception of this case, Plaintiffs' Counsel have been working without compensation. Class Counsel believes that at least one million persons and entities are eligible to obtain the Class Benefit and that the software to be provided is comparable to products with a retail price of $30.00 or more. If the Court approves the Proposed Settlement, Plaintiff's Counsel will ask the Court to award, and Defendant agrees to pay, an award of attorneys' fees up to $485,000 and expenses of up to $15,000. Class Members will not be required to pay these attorneys' fees or costs.

## PRELIMINARY APPROVAL

Judge Bernard Zimmerman of the District Court for the Northern District of California (also referred to as the "Court") has preliminarily determined that this Litigation should proceed as a class action, for purposes of settlement only, with Safier ("Plaintiff") as the representative of the Class, and has granted preliminary approval of the Proposed Settlement.

## CLAIMS DEADLINE

In order to receive the Class Benefit, Class Members must fill out and submit the Claim Form available at http://www.wdc.com/settlement no later than thirty days after Final Approval of the settlement.

## REQUESTS FOR EXCLUSION

If you are a Class Member, then unless you exclude yourself from the Class, the Settlement will release your claims against Defendant that were required to be brought in this Litigation. You may exclude yourself from the Class and retain your right to bring a separate lawsuit by following the procedures for requesting exclusion outlined in the complete Notice of Class Litigation and Proposed Settlement available at http://www.wdc.com/settlement. All exclusion requests must be post-marked no later than May 19, 2006. If you timely and validly request exclusion, you will not be bound by any judgment entered in the Litigation and you will not be eligible to receive the Class Benefit.

## RIGHT TO OBJECT

You may object to the settlement by following the procedures for objecting outlined in the complete Notice of Class Litigation and Proposed Settlement available at http://www.wdc.com/settlement. All objections must be personally served on counsel for the parties by May 24, 2006. A Settlement Hearing is scheduled for _____ before Judge Bernard Zimmerman in the District Court for the Northern District of California to determine whether the proposed settlement is fair, reasonable, and adequate and to hear any objections to the proposed settlement.

**THIS NOTICE IS MERELY A SUMMARY OF THE PROPOSED SETTLEMENT TERMS. FURTHER INFORMATION ON THE SETTLEMENT AND FURTHER INSTRUCTIONS FOR REQUESTING EXCLUSION, OBJECTING TO THE SETTLEMENT, AND SUBMITTING A CLAIM CAN BE OBTAINED AT http://www.wdc.com/settlement.**

TO:   **ALL PERSONS AND ENTITIES WHO PURCHASED IN THE UNITED STATES AN AFTERMARKET WESTERN DIGITAL CORPORATION HARD DISK DRIVE FROM MARCH 22, 2001 TO FEBRUARY 15, 2006.**

On _____, 2006, the U.S. District Court for the Northern District of California granted Final Approval of a class action settlement that may affect you.  You may recall receiving a notice of this settlement several months ago.

The settlement applies to all persons and entities who purchased an aftermarket Western Digital Corporation ("WD") hard disk drive between March 22, 2001 and February 15, 2006.  "Aftermarket" purchasers are those who purchased their hard disk drives separately rather than pre-installed by an original equipment manufacturer into a computer. Such purchasers are eligible to receive free hard disk drive backup and recovery software from WD.

To get the software, you must fill out and submit the Claim Form available at http://www.wdc.com/settlement no later than _____, 2006.

**If you filled out the Claim Form when you received the prior notice, you do NOT need to take further action at this time**.  You will receive instructions about how to download the software when the settlement becomes effective.

**If you have not already filled out the Claim Form, please visit http://www.wdc.com/settlement as soon as possible**.

# EXHIBIT C

**ATTENTION: ALL U.S. PURCHASERS OF AFTERMARKET
WESTERN DIGITAL CORPORATION HARD DISK DRIVES
FROM MARCH 22, 2001 TO FEBRUARY 15, 2006**

A proposed class action settlement in <u>Safier v. Western Digital Corporation</u>, Case No. 03-03353 BZ (N.D. Cal) may affect you.  The lawsuit claims that aftermarket hard disk drives manufactured by Western Digital Corporation ("WD") have less useable storage capacity than advertised.  WD has denied any wrongdoing or liability.  If the Court approves the settlement, class members will receive free backup and recovery software.  In addition, WD will change its marketing and advertising of storage capacity. WD will be released from further claims by Class Members.  WD will pay class counsel's attorneys' fees of up to $485,000 and expenses of up to $15,000.

Class members have three options:  (1) Sign up to receive the free software by submitting a claim form available at <u>www.wdc.com/settlement</u> no later than 30 days after final approval of the settlement; (2) Retain the right to bring a separate lawsuit against WD by mailing a request to exclude yourself from the Class by May 19, 2006; or (3) Object to the settlement by May 24, 2006.  **Please visit <u>http://www.wdc.com/settlement</u> as soon as possible to read important information about your rights**.

# EXHIBIT D

Claim Form for Class Action Settlement

<u>Orin Safier v. Western Digital Corporation</u>, Case No. 05-03353 BZ (N.D. Cal)

Please complete this form to receive your free software download.  You must complete and submit the questionnaire no later than 30 days after Final Approval of the settlement.

The information you provide will be kept private.  It will be used only for purposes of administering this settlement.

When the settlement becomes effective, Western Digital will email to you a link to access the software download.  The email will be sent to the email address you provide on this form.  If you do not provide an email address, Western Digital will contact you by mail to make the software available to you.  You must download the software within 90 days after the class action settlement becomes effective.  Limit one software download per class member.

Name (required): _____

Postal address (required): _____

Email address (*required for electronic submission): _____

Confirm email address (*required for electronic submission): _____

Estimated date of Western Digital hard disk drive purchase (must be after March 22, 2001 and on or before February 15, 2006) (required): _____

Serial number of device (**see below if not known): _____

I did not purchase the hard disk drive as part of a computer assembled by an original equipment manufacturer but rather purchased the drive separately.

I have signed up for only one software download as part of this settlement.

   I declare, under penalty of perjury, that the above information is accurate to the best of my knowledge.

 [SUBMIT]

*If you do not wish to provide an email address, you may:  (1) print this page, (2) fill out all other required fields, (3) check the box declaring the information true under penalty of perjury, (4) sign the page, (5) place the completed page in an envelope, and (6) mail or deliver the envelope to WDC Settlement Claim Form; 5654 Geary Blvd., #210511; San Francisco, CA 94121.  Your envelope must be received (**not merely postmarked**) no later than 30 days after Final Approval of the settlement.

**The serial number can be found on the back of your Western Digital hard drive, after the letters SN or S/N.  If you no longer have your device, then to obtain the software, you must do the following:  (1) print this page, (2) fill out your name, address or email address, and estimated date of purchase, (3) check the box declaring the information true under penalty of perjury, (4) sign the page, (5) place the completed page in an envelope along with a copy of the receipt for your hard disk drive or other proof of purchase, and (6) mail or deliver the envelope to WDC Settlement Claim Form POP; 5654 Geary Blvd., #210511; San Francisco, CA 94121.  Your envelope must be received **(not merely postmarked)** no later than 30 days after Final Approval of the settlement.

[VALIDATION:
1.  If no email address is provided, an error message will be displayed with the text of the "*".
2.  If no serial number is provided, an error message will be displayed with the text of the "**".
3.  If email addresses do not agree, an error message will be displayed so stating
4.  If serial number is submitted in an inaccurate format, an error message will be displayed so stating.]

----------

CONFIRMATION PAGE:
Please verify the following:
Name:
Address:
Email Address:
Estimated Date of Purchase:
Serial Number:

[CONFIRM]

-----------
CLAIM COMPLETED PAGE:

Your request has been received.  You may print this page for your records.  When the settlement becomes effective, Western Digital will email to you at the email address you provided a link which you can use to access the software download.  Your information has been recorded as:
Name:
Address:
Email Address:
Estimated Date of Purchase:
Serial Number: