UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORIN SAFIER, on behalf of himself and those similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>WESTERN DIGITAL CORPORATION,<br><br>Defendant(s). | No. C05-3353 BZ<br><br>**ORDER AWARDING FEES AND COSTS** |

Before the court is class counsel's motion for attorneys' fees in the amount of $485,000 and costs in the amount of $10,190. For the reasons set forth below, I find that class counsel's efforts on behalf of the settlement do not merit the full amount of fees they claim and award them $231,360.

On March 22, 2005, Orin Safier ("class plaintiff"), a current New Mexico resident and former California resident, and Michael Lazar, a California resident, brought an action in San Francisco Superior Court of California against defendants Seagate Technology LLC and Western Digital Corporation ("defendant" or "Western Digital"). The complaint alleged

1

that Western Digital, which sells hard drives in the replacement market, overstated the memory capacity of its products by approximately 7%, because defendant computes 1 gigabyte under the decimal definition of 1,000,000,000 bytes, instead of the binary definition of 1,073,741,824 bytes, which plaintiff claims should apply.  After the state court sustained a demurrer to the complaint based on misjoinder, plaintiffs dismissed Western Digital.  On July 7, 2005, Orin Safier only filed a new state action against Western Digital only, which defendant removed to this court.  The original action, <u>Lazar v. Seagate Technology LLC</u>, continued in San Francisco Superior Court.

On February 1, 2006, Safier moved for preliminary approval of a class settlement, which defendant supported.  The proposed settlement terms included certification of a national class estimated to encompass about 1 million people and an agreement by defendant to state its definition of a gigabyte on its product packaging and to provide each class member who successfully completes a claim form with the opportunity to download a piece of backup and recovery software.  In return, the class agreed to dismiss this lawsuit with prejudice and the class and others agreed to give defendant a very broad general release of all claims, including a waiver of the protection offered under California Civil Code § 1542.

I held a preliminary approval hearing on February 15, 2006 during which I voiced a number of concerns about the settlement, which are contained in the record of that hearing,

2

and announced that I was not prepared to give preliminary approval to the settlement in its then form.  One of my major concerns was that the benefit to defendant from obtaining a release of all claims from the class and from other defined persons, not limited to the release of the claim which was the subject of the litigation,[1] outweighed the primary benefit that the class received, a $30 piece of software, which I suspected many class members with the sophistication to be able to replace a hard drive would already own.

    Following that hearing, the parties re-negotiated some of the terms of settlement.  On March 8, 2006 the parties submitted an Amended and Restated Settlement Agreement (the "settlement agreement") which addressed many of the court's concerns.  Significantly, it scaled back the scope of the release so that only claims that would have been barred by the res judicata effect of any judgment that defendant could have obtained were released and it eliminated non-class members.  On March 17, 2006 I preliminarily approved the class settlement and ordered that notice be given.  I scheduled a final approval hearing for June 14, 2006.[2]  On June 15, 2006,

---

[1] The original settlement released defendant from any claims "which are alleged or could have been alleged in the Litigation."  Safier Decl. in Supp. of Prelim. Appr., Exh. A Class Action Settlement Agreement § 10.1.  Arguably, this could have, for example, precluded claims based on defective hard drives.

[2] At the final approval hearing, I also expressed a concern about the inclusion in the proposed final judgment submitted by class counsel, of an injunction against prosecution of future claims, which created a risk of contempt even for class members who had not received actual notice.  I altered the judgment to eliminate this risk.

I entered final judgment approving the settlement.

Class counsel have moved for attorneys' fees in the amount of $485,000 and costs in the amount of $10,190. The settlement agreement provides that defendant will pay plaintiff's counsel attorneys' fees up to $485,000 and expenses up to $15,000, subject to court approval. Class counsel justify their fees using the lodestar method.

Where, as here, the class settlement has not created a common fund out of which fees are to be paid, the preferable method for determining a reasonable fee to class counsel is the lodestar method. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998)(in class action cases involving injunctive relief, "courts often use a lodestar calculation because there is no way to gauge the net value of the settlement or any percentage thereof"). The lodestar calculation begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate. The resulting figure may be adjusted upward or downward to account for several factors, including (1) the time and labor required, (2) the novelty and difficulty of the issues involved, (3) the skill required to perform the legal services properly, (4) the preclusion of employment by class counsel due to the acceptance of this case, (5) the customary fees, (6) the amount involved and the results or benefit obtained for the class, (7) the experience, reputation and availability of class counsel, (8) the undesirability of the case and (9) the nature and length of the professional relationship with class plaintiff and class members. Gates v. Deukmejian, 987

4

F.2d 1392, 1402 n.12 (9th Cir. 1992); Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1148-49 (9th Cir. 2001). See also Hanlon, 150 F.3d at 1029 (listing as factors the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented and the risk of non-payment).

The first obstacle to applying the lodestar approach is that class counsel have failed to properly document their work. Attorneys should support the hours expended and the rate by adequate documentation and other evidence. Hanlon, 150 F.3d at 1029. Class counsel's failure to do so in this case precludes the court from making an independent determination of such issues as whether the hours claimed were reasonable and whether they were for work done on this case, as opposed to work done on the companion case, Lazar v. Seagate Technology LLC, or work done in state court which might not be fully compensable in federal court.[3] At the same time, the total of 512 hours claimed by the two attorneys does not seem out of line. Class counsel are to be credited for working towards an early resolution of the case. Accordingly, I am prepared to calculate fees based on class counsel's claim that they spent 512 hours on this case.

The claimed hourly rates, $450 for Mr. Gutride and $425 for Mr. Safier, are likewise thinly supported. For example,

---

[3] In their memorandum, class counsel have also included drafting and negotiating a protective order and case management conference statements in their list of tasks performed for this case, but there is no protective order and no case management conferences occurred in this case.

there is little evidence, other than Mr. Safier's assertion, that those rates are consistent with hourly rates charged by attorneys of similar experience.  Faced with such thin support, a court is permitted to use its knowledge of prevailing rates to help calculate the hourly rate. Defenbaugh v. JBC & Associates, Inc., 2004 WL 1874978, at * 7 (N.D. Cal. Aug. 10, 2004); Feuerstein v. Burns, 569 F.Supp. 268, 275 (S.D. Cal. 1983).  Based on my knowledge of rates generally and of rates I have awarded in other attorneys' fees requests, and my observations of the quality of their work in protecting the class, I conclude that an appropriate rate for Mr. Gutride is $400 an hour and an appropriate rate for Mr. Safier is $350 an hour.  In re HPL Tech., Inc. Sec. Lit., 366 F.Supp.2d 912, 921-22 (N.D. Cal. 2005)(adjusting the Laffey hourly rates matrix on the Department of Justice's website to take into account the higher cost of living in the San Francisco Bay Area and concluding that a reasonable rate for attorneys with similar years of experience is $305 per hour). See also Defenbaugh, 2004 WL 1874978, at * 7 (finding rates of $435 and $400 for attorneys with 20-plus years of experience to be reasonable in 2004).

   Accepting counsel's claimed hours and applying these rates produces a lodestar calculation for Mr. Gutride of $108,800 (272 hours x $400 per hour) and for Mr. Safier of $84,000 (240 hours x $350 per hour) for a total lodestar of $192,800.

   I have also concluded that class counsel are not entitled to the 2.16 multiplier they seek.  Many of the factors used to

justify a substantial multiplier are not present here.  The issues involved were not especially novel or difficult.  Class counsel have made little showing that other employment was precluded as a result of this case or that this was an undesirable case that other counsel would have shunned.  The nature of their relationship with class plaintiff also does not favor a multiplier.  Class plaintiff is the uncle of one of the attorneys, Seth Safier, and he is also a resident of New Mexico.  If anything, Orin Safier's role as class plaintiff introduced unnecessary questions about the propriety and adequacy of a New Mexico resident representing a class asserting California claims.

   An overriding factor in determining the multiplier is the result that class counsel achieved and the benefit they conferred on the class.  As noted above, the settlement that class counsel negotiated and presented at first produced a class benefit which was outweighed by the benefit defendant would have received from the broad form of release to which class counsel had agreed.  As re-negotiated following the court's initial inclination not to approve the settlement, the benefit is fair and adequate for the narrow release defendant received.  Defendant has maintained from the outset that defining a gigabyte decimally is consistent with the industry standard.  Defendant has not agreed to expand its capacity to the binary standard but only to clarify that it uses the decimal standard.  Given the reality of how large a hard drive is, it does not appear to the court that many class members would fill their hard drives to capacity such that they would

7

have been harmed by the claimed 7% disparity.  This is consistent with some of the comments the court received from class members who objected or sought exclusion.

Nonetheless, many thousands of class members will be downloading something that they perceive as being of some benefit to them and defendant's disclosure of how it calculates capacity will certainly clarify its practice.  Since class counsel took this matter on a contingency basis, in the sense that they had no expectation of any fee if plaintiffs did not prevail, I conclude that a multiplier of 1.2 is appropriate.  This produces a total fee of $231,360.[4]  Fischel v. Equitable Life Assur. Society of U.S., 307 F.3d 997, 1008 (9th Cir. 2002)("A district court generally has discretion to apply a multiplier to the attorney's fees calculation to compensate for the risk of nonpayment.") (citation omitted).  Such a multiplier is also supported by class counsel's declaration that they have responded to a number of inquiries from class members and will continue to expend time and effort in implementing and monitoring the settlement.  Hanlon, 150 F.3d at 1029 (affirming fee award because it "includes all future services that class counsel must provide").

Finally, a cross-check of an attorneys' fees award of $231,360 using the percentage of recovery method establishes its reasonableness.  The benchmark in the Ninth Circuit is

---

[4] Class counsel discuss the risks they bore in "contribut[ing] substantial time and advanc[ing] significant costs . . . with no guarantee of compensation or recovery, against a well-funded defense."  Safier Decl. ¶ 26.

25%.  Class counsel contend that because the class is estimated to have one million class members, each of whom is eligible to receive software with a retail value of $30, the recovery totals $30 million.  However, the better approach is to focus on the benefits actually conferred on the class as opposed to the benefits that may be hypothetically conferred if all class members participated in the settlement.  See cautions noted in Manual for Complex Litigation (Fourth) § 21.71 (2004) and in Managing Class Action Litigation:  A Pocket Guide for Judges § IV.C (2005).  See also Staton v. Boeing Co., 327 F.3d 938, 973-74 (9th Cir. 2003)(to ensure fee is shifted to those actually benefitting, when value of relief is difficult to quantify, "courts should consider the value of the injunctive relief obtained as a 'relevant circumstance' in determining what percentage of the common fund class counsel should receive as attorneys' fees, rather than as part of the fund itself").  Defendant submitted a declaration that as of June 30, 2006, Western Digital had received a total of 32,315 claim forms.  Flynn Decl. re Claim Forms ¶ 3.  If all 32,315 class members were to receive a $30 benefit, then the value of the benefit would total $969,450, and an award of attorneys' fees of $485,000 would equal approximately 50% of the value.  An award of $231,360 equals roughly 24% of the value, which is close to the 25% benchmark, an indication that the reduced attorneys' fee award is reasonable.[5]

---

[5] While the period for filing claims remains open through next week, I do not expect additional claims to materially alter this analysis, since most class members would have submitted claims soon after they received notice to file, which

   The court will award the requested amount of $10,190 for costs, which include typical and reasonable copying, postage, filing and mediation fees.  The court will also award class plaintiff an incentive of $1,000 as requested.  <u>Van Vranken v. Atlantic Richfield Co.</u>, 901 F.Supp. 294, 299 (N.D. Cal. 1995)(granting reimbursement of expenses and an incentive award to the named class representative).  In his March 8, 2006 declaration, class plaintiff stated that he had "reviewed some court filings and and [sic] other documents, and [he] participated in the settlement process."  Orin Safier Decl. ¶ 5.  He also "incurred the risk of an adverse judgment," which could have resulted in an award of costs to defendant.  <u>Id.</u>  Together with the size of the requested incentive award, the declaration is sufficient to support granting $1,000 to class plaintiff.

   For the reasons stated above, **IT IS HEREBY ORDERED** that class counsel's motion for attorneys' fees and costs is **GRANTED in part** and **DENIED in part**.  Class counsel is awarded attorneys' fees of $231,360 and costs of $10,190.  **IT IS FURTHER ORDERED** that the request for an incentive award of $1,000 for class plaintiff Orin Safier is **GRANTED**.  Defendant is **FURTHER ORDERED** to publish a copy of this Order on its website with the other settlement documents.

Dated: July 5, 2006

                                 _____
                                      Bernard Zimmerman
                                 United States Magistrate Judge

G:\BZALL\-BZCASES\SAFIER\COMB.ATTYS.FEES.ORD.wpd

---

was given within five days after June 15, 2006.